UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIMOTHY LUTHER OLSON,

        Plaintiff,

v.                                               Case No. 24-cv-0916-bhl

KATIE R. YORK,
TIMOTHY C. SAMUELSON,
JULIE M. SPOKE,
THOMAS H. REED,
FRANCIS X. SULLIVAN,
KATHRYN GALAROWICZ,
SARAH E. PETERSON,
JOEL R. WITT,
JEREMIAH C. VAN HECKE,
JOHN DOE OFFICE SUPERVISOR,
WISCONSIN STATE DEFENDERS OFFICE,
HON. MILTON L. CHILDS,
TINA HUDSON, and
SARA N. SANDOWSKI,

        Defendants.

---

# SCREENING ORDER

---

Plaintiff Timothy Olson, who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Olson's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Olson has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C.

§1915(a)(2), Olson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $38.67. Olson's motion for leave to proceed without prepaying the filing fee will be granted.

SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain

2

sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Olson sues the Wisconsin Public Defenders Office and some of its employees, Milwaukee County Circuit Court Judge Milton L. Childs, employees of the Wisconsin Office of Lawyer Regulation and the Judicial Commission, Wisconsin District Attorney Sara Sandowski, and police officer Brian Zalewski. Olson alleges that Judge Childs colluded with the Wisconsin Public Defenders Office by directing that a particular attorney be appointed to represent him in his ongoing criminal proceedings. He also alleges that supervisors at the Public Defenders Office turned a blind eye to this so-called misconduct and failed to report this and various other ethical violations. He further alleges that employees of the Office of Lawyer Regulation turned a blind eye to various violations and failed to enforce the Wisconsin Supreme Court's Rules of Professional Conduct when he brought the violations to their attention. Olson also asserts that the prosecutor in his criminal case and Officer Zalewski have withheld evidence that would exonerate him.

## THE COURT'S ANALYSIS

Olson's complaint fails to state a claim for the following reasons. First, to state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th

3

Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Defense attorneys, whether state public defenders or privately retained counsel, are not "state actors" and therefore cannot be sued under §1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983). Olson therefore does not state a claim under §1983 against the Wisconsin Public Defenders Office or any of its employees.

Next, Judge Childs enjoys absolute immunity for acts committed within his judicial jurisdiction. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). "This immunity applies even when the judge is accused of acting maliciously and corruptly . . . ." *Id.* Given that it was within the Judge's duties to confer with the Public Defender's Office regarding the appointment of a lawyer to represent Olson, he is immune from claims alleging corruption in connection with the execution of those duties. In any event, the Court notes that Olson has identified no harm as a result of this alleged impropriety. According to the Wisconsin Circuit Court Access database, Attorney Kerri Cleghorn was appointed on October 19, 2023, and Judge Childs granted her motion to withdraw on November 20, 2023. *See State of Wisconsin v. Olson*, Case No. 2022CF4696. Per the docket, Cleghorn's motion to withdraw is the only ruling that occurred during that period. Accordingly, it is unclear what harm Olson suffered even if he believes her appointment was improper.

With regard to District Attorney Sandowski, absolute immunity also shields a prosecutor's conduct that is "intimately associated with the judicial phase of the criminal process," such as participating in discovery. *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). And, immunity aside, this Court "must abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." *SKS & Assoc., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010) (citations omitted). This is because federal courts must avoid "intrud[ing] upon the independence of the state courts and their ability to resolve the cases before them." *Id.*

Because Olson's criminal case has not yet resolved, the Court may not take jurisdiction over claims that DA Sandowski and Officer Zalewski are withholding evidence. Olson may raise his concerns with his defense attorney, and he or she can decide whether to pursue that issue in the criminal case.

Olson also fails to state a claim against the employees of the Wisconsin Office of Lawyer Regulation and the Judicial Commission. Olson is frustrated that they turned a blind eye to his complaints. He states that they failed to enforce the Wisconsin Supreme Court Rules of Professional Conduct. But §1983 "protects plaintiffs from constitutional violations, not violations of state laws," or in this case, codes of professional conduct. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003). Also, it has long been held that, under §1983, "[o]nly persons who cause or participate in the violation are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Ruling against a person on an administrative complaint does not cause or contribute to a violation. Olson's assertions that his complaints about ethical violations were not properly investigated are therefore insufficient to support a claim.

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Olson believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **September 13, 2024**. He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on the reasons stated in this decision. If Olson does not believe he

5

Case 2:24-cv-00916-BHL    Filed 08/16/24    Page 5 of 8    Document 13

can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision.

Finally, on July 19. 2024, Olson filed a motion to appoint counsel. He explains that he plans to file a second lawsuit and it will be difficult for him to handle both cases. He also asserts that the jail is interfering with his mail. In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). In exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish,* 923 F.3d 486, 490 (7th Cir. 2019) (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)).

Olson has not satisfied the first prong of the standard. To do so, he must show he contacted at least three lawyers and provide the Court with the lawyers' names, addresses, an explanation of how and when he attempted to contact them, and if possible, the lawyers' responses. The Court will therefore deny Olson's motion. It bears noting that, even if Olson had satisfied the first prong, the Court would deny his motion because he is capable of preparing an amended complaint, should he decide to do so.

**IT IS THEREFORE ORDERED** that Olson's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Olson's motion to appoint counsel (Dkt. No. 3) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **September 13, 2024**, Olson may file an amended complaint curing the defects in the original complaint as described in this decision. If Olson does not file an amended complaint, the Court will dismiss this action for the reasons explained in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Olson a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Olson shall collect from his institution trust account the $311.33 balance of the filing fee by collecting monthly payments from Olson's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Olson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Olson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Office of the Sheriff, Fiscal Operations Room 224, 821 W. State Street, Milwaukee, Wisconsin 53233.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution.  Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

Olson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on August 16, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge