UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY LUTHER OLSON,

        Plaintiff,

      v.                                      Case No. 24-cv-0916-bhl

THOMAS H. REED,
FRANCIS X. SULLIVAN,
KATHRYN GALAROWICZ,
JOEL R. WITT,
JEREMIAH C. VAN HECKE,
WISCONSIN STATE DEFENDERS OFFICE,
HON. MILTON L. CHILDS,
TINA HUDSON,
SARA N. SANDOWSKI,
HON. KRISTY YANG,
MILWAUKEE COUNTY CIRCUIT COURT,
WISCONSIN DISTRICT ATTORNEY'S OFFICE,
KERI CLEGHORN,
JEFFREY W. JENSEN,
JOEL MOGREN,
NICHOLAS CONRARDY,
JOSEPH BASTIEN,
WISCONSIN STATE JUDICIAL COMMITTEE, and
OFFICE OF LAWYER REGULATION,

        Defendants.

## SCREENING ORDER

Plaintiff Timothy Olson, who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights are being violated. On August 16, 2024, after concluding the complaint failed to state a claim upon which relief could be granted, the Court gave Olson the opportunity to file an amended complaint.

He did so on September 9, 2024. This matter comes before the Court to screen the amended complaint.

## SCREENING OF THE AMENDED COMPLAINT

As explained in the original screening order, the Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## BACKGROUND

In December 2022, Olson was charged with four felonies and a misdemeanor in *Wisconsin v. Olson*, Milwaukee County Case No. 2022CF4696. The case is ongoing, and Olson is confined at the Milwaukee County Jail as a pretrial detainee. Milwaukee County Circuit Judge Milton L. Childs initially presided over the case. On August 3, 2024, the case was transferred to Milwaukee County Circuit Judge Kristy Yang. Since the filing of the case, Olson has had six attorneys, all through the Wisconsin Public Defender's Office. All six attorneys have withdrawn at Olson's request. It appears that Olson is currently representing himself in his criminal case. *See* Wisconsin Circuit Court Access at *https://wcca.wicourts.gov/case.html* (Milwaukee County Case No. 2022CF4696).

Olson is frustrated with how his criminal case is proceeding. He alleges that Judge Childs "colluded" with the Public Defender's Office to ensure lawyers who are widely known to be ineffective are appointed to represent him. He further alleges that Judge Yang is now forcing him to proceed on his own. Olson also alleges that the prosecutor has withheld exculpatory evidence and that his attorneys and the judges have turned a blind eye to this misconduct. He believes that the actions of those involved in his criminal prosecution go beyond malicious and corrupt into "pure evil." He seeks money damages, declaratory relief, and injunctive relief, including having all charges against him dismissed with prejudice.

3

# THE COURT'S ANALYSIS

Olson asks this Court, in part, to dismiss the criminal charges pending against him in state court because he believes his federal constitutional rights are being violated. The relief Olson seeks "would run contrary to the basic principles of equity, comity, and federalism." *SKS & Associates, Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). It is well established that a federal district court must "decline to exercise its jurisdiction where doing so would intrude upon the independence of the state courts and their ability to resolve the cases before them." *Id.* This is because "state courts are co-equal to federal courts and are fully capable of respecting and protecting a plaintiff's constitutional rights." *J.B. v. Woodward*, 997 F.3d 714, 724 (7th Cir. 2021) (citations omitted). If this Court were to insert itself into Olson's state criminal case, it would "reflect a lack of respect for the state's ability to resolve the issues properly before its courts." *Id.* Because Olson's §1983 claims "seek to interfere with or interrupt ongoing state proceedings," the Court must abstain from taking jurisdiction over Olson's §1983 claims. *SKS & Associates, Inc.* 619 F.3d at 677.

Further, as the Court explained in its original screening order, the public defenders who have represented Olson may not be sued under §1983 because they are not state actors. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983). Olson alleges in his amended complaint that the public defender's office and the attorneys appointed by that office were acting under color of state law because they "conspired" with Judge Childs to ensure he was given a public defender that was known to be ineffective, and they "conspired" with the prosecutor to ensure exculpatory evidence was never produced. "Non-state actors may be found to act under color of state law when defendants have conspired or acted in

4

concert with state actors to deprive a person of his civil rights." *Garagher v. Marzullo*, 478 F. Supp. 2d 1008, 1011 (N.D. Ill. 2006).

If Olson has successfully alleged a conspiracy to violate his rights, the Court would not exercise jurisdiction over such a claim for the reasons explained above. If, however, Olson has *not* successfully alleged a conspiracy, he fails to state a claim under §1983 against the public defender's office and its employees because they are not state actors. In either case, Olson may not proceed against these Defendants in this action.

Finally, as explained in the original screening order, Olson also fails to state a claim against the Wisconsin Office of Lawyer Regulation, the Judicial Commission, and their employees. Olson remains frustrated that they allegedly turned a blind eye to his complaints. But §1983 "protects plaintiffs from constitutional violations, not violations of state laws," or in this case, codes of professional conduct. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003). Also, it has long been held that, under §1983, "[o]nly persons who cause or participate in the violation are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Ruling against a person on an administrative complaint does not cause or contribute to a violation. Olson's assertions that his complaints about ethical violations were not properly investigated are therefore insufficient to support a claim.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** for the reasons explained in this decision. The Clerk of Court will enter judgment accordingly.

Dated at Milwaukee, Wisconsin on September 23, 2024.

                 s/ *Brett H. Ludwig*
                 BRETT H. LUDWIG
                 United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

6

Case 2:24-cv-00916-BHL   Filed 09/23/24   Page 6 of 6   Document 15